United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40850
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS MARTINEZ-SALDANA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:02-CR-1596-ALL
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Luis Martinez-Saldana (Martinez) appeals his sentence for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. We AFFIRM.

Martinez contends for the first time on appeal that, under United States v. Booker, 125 S. Ct. 738 (2005), the district court erred by imposing sentence under mandatory sentencing guidelines. We review this issue for plain error. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732 (5th Cir. 2005).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Martinez has not carried his burden of showing that his substantial rights were affected.  See United States v. Mares, 402 F.3d 511, 521–22 (5th Cir. 2005), petition for cert. filed (U.S. Mar. 31, 2005) (No. 04-9517); United States v. Malveaux, __ F.3d __, No. 03-41618, 2005 WL 1320362 at *1 n.9 (5th Cir. Apr. 11, 2005).

Martinez contends that, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), and other cases, his sentence violated due process because it exceeded the maximum imprisonment and supervised-release terms for the offense charged in the indictment.  Martinez concedes that this issue is foreclosed under Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998).  He raises the issue to preserve it for further review.

Martinez contends that the district court erred by holding that his North Carolina conviction for taking indecent liberties with a minor constituted a "crime of violence" under U.S.S.G. § 2L1.2(b), resulting in his receiving a more onerous sentence. Martinez concedes that this issue is foreclosed by United States v. Izaguirre-Flores, 405 F.3d 270, 271 (5th Cir. 2005), but he desires to preserve it for further review.

The judgment is AFFIRMED.