United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40748
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FILIBERTO RIVERA-ORTIZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-91-ALL
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Filiberto Rivera-Ortiz ("Rivera") appeals his sentence imposed following his guilty plea to illegally re-entering the United States after having been deported, in violation of 8 U.S.C. § 1326. The district court sentenced Rivera to 60 months of imprisonment and three years of supervised release, as well as to 10 months in prison for the revocation of a prior supervised-release term.

For the first time on appeal, Rivera argues that his sentence was unconstitutional because it was enhanced pursuant to the mandatory Sentencing Guidelines regime rejected in United

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

States v. Booker, 125 S. Ct. 738 (2005). Plain error is the appropriate standard of review. United States v. Malveaux, ___F.3d___, No. 03-41618, 2005 WL 1320362 (5th Cir. Apr. 11, 2005). Rivera has not established plain error with regard to his Booker claim because he has not established that his sentence affected his substantial rights. See United States v. Mares, 402 F.3d 511, 520-22 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). The record does not indicate that the district court "would have reached a significantly different result" under a sentencing scheme in which the guidelines were advisory only. Id. at 521-22; United States v. Valenzuela-Quevedo 407 F.3d 728, 733 (5th Cir. 2005).

Rivera also asserts that, under Apprendi v. New Jersey, 530 U.S. 466 (2000) and its progeny, 8 U.S.C. § 1326(b) is unconstitutional because it permits a sentencing judge to increase a sentence beyond the statutory maximum based on a factor that need not be submitted to a jury for proof or admitted by the defendant. Rivera concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but he seeks to preserve the issue for possible Supreme Court review. This court must follow Almendarez-Torres "'unless and until the Supreme Court itself determines to overrule it.'" United States v. Izaguirre-Flores, 405 F.3d 270, 277-78 (5th Cir. 2005) (citation omitted).

Accordingly, the district court's judgment is AFFIRMED.