**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Domingo SOSA–SAUCEDO,**
**Defendant–Appellant.**

No. 04–41727.

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided July 28, 2005.

James Lee Turner, Assistant U.S. Attorney, Mitchel Neurock, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM: *

Domingo Sosa–Saucedo ("Sosa") appeals his guilty-plea conviction of having been found in the United States after having been deported, without having obtained the consent of the Attorney General or the Secretary of Homeland Security to re-enter the country and after having been convicted of an "aggravated felony," in violation of 8 U.S.C. § 1326(a) and (b). The district court sentenced him to 37 months in prison and three years of supervised release.

■ For the first time on appeal, Sosa contends that he was illegally sentenced pursuant to the formerly mandatory Sentencing Guidelines regime, in violation of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Sosa's plea agreement contained a waiver-of-appeal provision by which he waived, inter alia, "the right to appeal the sentence imposed or the manner in which it was determined," except for a sentence above the statutory maximum or an upward departure from the applicable Guidelines range. Sosa contends that this waiver provision is not enforceable because, at his rearraignment, the magistrate judge incorrectly told him that he retained the right to appeal an "illegal sentence." We agree. Because the magistrate judge inaccurately described the waiver provision, Sosa's waiver cannot be deemed knowing and voluntary with respect to an "illegal sentence." *See* FED.R.CRIM.P. 11(b)(1)(N); *United States v. Robinson,* 187 F.3d 516, 517–18 (5th Cir.1999).

■ Sentencing a defendant pursuant to a mandatory guidelines regime, standing alone, constitutes "Fanfan" error, and such

an error is "plain." *See Booker,* 125 S.Ct. at 750, 768–69 (addressing preserved challenge in companion case); *United States v. Valenzuela–Quevedo,* 407 F.3d 728, 733 (5th Cir.2005). "There is no indication in the record from the sentencing judge's remarks or otherwise," *see Mares,* 402 F.3d at 522, however, that the court would have imposed a different sentence under an advisory guidelines regime. Because Sosa has not shown that the error affected his "substantial rights," *see id.* at 521, he has not demonstrated plain error.

Sosa also argues that, under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny, 8 U.S.C. § 1326(b) is unconstitutional because it permits a sentencing judge to increase a sentence beyond the statutory maximum based on a factor that need not be submitted to a jury for proof or admitted by the defendant. Sosa concedes that this argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he seeks to preserve the issue for possible Supreme Court review. This court must follow *Almendarez–Torres* "'unless and until the Supreme Court itself determines to overrule it.'" *United States v. Izaguirre–Flores,* 405 F.3d 270, 277–78 (5th Cir.2005) (citation omitted).

The sentence is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.