**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 28, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41727
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DOMINGO SOSA-SAUCEDO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-607-ALL
--------------------

Before SMITH, GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Domingo Sosa-Saucedo ("Sosa") appeals his guilty-plea conviction of having been found in the United States after having been deported, without having obtained the consent of the Attorney General or the Secretary of Homeland Security to re-enter the country and after having been convicted of an "aggravated felony," in violation of 8 U.S.C. § 1326(a) and (b). The district court sentenced him to 37 months in prison and three years of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For the first time on appeal, Sosa contends that he was illegally sentenced pursuant to the formerly mandatory Sentencing Guidelines regime, in violation of United States v. Booker, 125 S. Ct. 738 (2005). Sosa's plea agreement contained a waiver-of-appeal provision by which he waived, inter alia, "the right to appeal the sentence imposed or the manner in which it was determined," except for a sentence above the statutory maximum or an upward departure from the applicable Guidelines range. Sosa contends that this waiver provision is not enforceable because, at his rearraignment, the magistrate judge incorrectly told him that he retained the right to appeal an "illegal sentence." We agree. Because the magistrate judge inaccurately described the waiver provision, Sosa's waiver cannot be deemed knowing and voluntary with respect to an "illegal sentence." See FED. R. CRIM. P. 11(b)(1)(N); United States v. Robinson, 187 F.3d 516, 517-18 (5th Cir. 1999).

Sentencing a defendant pursuant to a mandatory guidelines regime, standing alone, constitutes "Fanfan" error, and such an error is "plain." See Booker, 125 S. Ct. at 750, 768-69 (addressing preserved challenge in companion case); United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005). "There is no indication in the record from the sentencing judge's remarks or otherwise," see Mares, 402 F.3d at 522, however, that the court would have imposed a different sentence under an advisory guidelines regime. Because Sosa has not shown that the

error affected his "substantial rights," see id. at 521, he has not demonstrated plain error.

Sosa also argues that, under Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, 8 U.S.C. § 1326(b) is unconstitutional because it permits a sentencing judge to increase a sentence beyond the statutory maximum based on a factor that need not be submitted to a jury for proof or admitted by the defendant.  Sosa concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but he seeks to preserve the issue for possible Supreme Court review.  This court must follow Almendarez-Torres "'unless and until the Supreme Court itself determines to overrule it.'" United States v. Izaguirre-Flores, 405 F.3d 270, 277-78 (5th Cir. 2005) (citation omitted).

The sentence is AFFIRMED.