United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 3, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50893
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

MISAEL GARCIA-CHAPA

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:04-CR-137-1
--------------------

Before KING, Chief Judge, and WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Misael Garcia-Chapa ("Garcia") appeals his sentence imposed following his guilty plea to illegally re-entering the United States after having been deported, in violation of 8 U.S.C. § 1326. The district court sentenced Garcia to 70 months of imprisonment and three years of supervised release.

Garcia asserts that, under Apprendi v. New Jersey, 530 U.S. 466 (2000) and its progeny, 8 U.S.C. § 1326(b) is unconstitutional because it permits a sentencing judge to increase a sentence beyond the statutory maximum based on a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

factor that need not be submitted to a jury for proof or admitted by the defendant.  Garcia concedes that this argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), but he seeks to preserve the issue for possible Supreme Court review.  This court must follow <u>Almendarez-Torres</u> "'unless and until the Supreme Court itself determines to overrule it.'"  <u>United States v. Izaguirre-Flores</u>, 405 F.3d 270, 277-78 (5th Cir. 2005) (citation omitted).

Garcia argues that his sentence was increased under the Sentencing Guidelines, in violation of the Sixth Amendment, based on a factor that was neither submitted to a jury for proof beyond a reasonable doubt nor admitted by Garcia.  He also argues that the district court erred by sentencing him under the pre-<u>Booker</u> mandatory guideline regime.  Because Garcia did not preserve these arguments in the district court, our review is for plain error.  See <u>United States v. Mares</u>, 402 F.3d 511, 520 (5th Cir. 2005), <u>petition for cert. filed</u> (U.S. Mar. 31, 2005) (No. 04-9517).  If it is assumed arguendo that the <u>Booker</u> rule is implicated by the addition of criminal history points based Garcia's having committed the instant offense within two years after having been discharged from a prior prison term, then the error was "plain."  <u>Id.</u> at 520-21.  Moreover, the district court's application of the guidelines in their mandatory form constituted error that is "plain" for purposes of satisfying the first two prongs of the plain-error analysis.  <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 733 (5th Cir. 2005).  Garcia

also bears the burden of showing that his "substantial rights" were violated, such "that the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result."  See Mares, 402 F.3d at 521; see also United States v. Bringier, 405 F.3d 310, 317-18 n.4 (5th Cir. 2005).  Garcia has not made such a showing with respect to his Sixth Amendment claim or his claim regarding the mandatory application of the guidelines.

Accordingly, the judgment of the district court is AFFIRMED.