United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 31, 2005**

Charles R. Fulbruge III
Clerk

REVISED APRIL 20, 2005
IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————————

No. 04-40276

—————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN RAUL IZAGUIRRE-FLORES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
Criminal No. M-03-840-01
--------------------

Before WIENER, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:

Defendant-Appellant Juan Raul Izaguirre-Flores ("Izaguirre") asks us, <u>inter alia</u>, to resolve a question of first impression in this circuit: whether taking indecent liberties with a child in violation of North Carolina General Statute § 14-202.1(a)(1) constitutes "sexual abuse of a minor" for purposes of the "crime of violence" sentencing enhancement in United States Sentencing Guidelines § 2L1.2. The district court answered this question in the affirmative. We agree and affirm.

## I. FACTS AND PROCEEDINGS

In May 2002, a North Carolina grand jury indicted Izaguirre, a Honduran citizen, for taking indecent liberties with a child in violation of North Carolina General Statute § 14-202.1(a)(1).[1] Izaguirre pleaded guilty to the indictment and was sentenced to 16 to 20 months imprisonment. In June 2003, Izaguirre was deported to Honduras.

In August of that year, United States Border Patrol agents encountered Izaguirre near Falfurrias, Texas. Izaguirre admitted to the agents that he is a citizen of Honduras and that he had illegally entered the United States by crossing the Rio Grande river.

The government indicted Izaguirre under 8 U.S.C. § 1326 for illegal reentry into the United States following deportation. The indictment did not allege that Izaguirre's June 2003 deportation was subsequent to a felony or aggravated felony conviction although the indictment contained a citation to both 8 U.S.C. §§ 1326(a) and

---

[1] This provision renders
[a] person . . . guilty of taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, he . . . willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire . . . .
N.C. GEN. STAT. § 14-202.1(a)(1).

(b).[2]  In October, Izaguirre pleaded guilty to the indictment in conformance with a plea agreement.

The district court ordered a Presentence Report ("PSR").  The probation officer recommended a base offense level of eight under Sentencing Guidelines § 2L1.2(a).  A base offense level of eight, coupled with Izaguirre's criminal history category of II, would have set a sentencing range of four to ten months.  Citing Izaguirre's 2003 North Carolina indecency conviction, the probation officer recommended that Izaguirre's base offense level be enhanced under Sentencing Guidelines § 2L1.2(b)(1)(A)(ii), which provides a 16-level enhancement to the base offense level of an alien convicted under Section 1326 if the alien was previously deported after conviction for a "crime of violence."  Izaguirre filed an objection to the PSR, in which he argued that his prior indecency conviction was not a crime of violence.

After exhaustive briefing by the parties and consideration of the issue by the district court, it held that a violation of North Carolina General Statute 14-202.1(a)(1) is a crime of violence for purposes of Section 2L1.2 because a violation of the statute constitutes "sexual abuse of a minor," which is a specifically-enumerated offense under application note (1)(B)(iii) to Section 2L1.2.  Accordingly, the district court determined that Izaguirre's

---

[2] Section 1326(b) increases Section 1326(a)'s maximum possible term of imprisonment from two to 20 years for an alien whose prior removal was subsequent to commission of an aggravated felony. See 8 U.S.C. § 1326(b)(2).

3

base offense level —— after having downwardly departed —— was 21, which provides a range of 41 to 51 months imprisonment. The district court sentenced Izaguirre to 41 months imprisonment. Izaguirre timely filed his Notice of Appeal.

## II. ANALYSIS

### A. Standard of Review

The district court's characterization of Izaguirre's prior conviction is a question of law that we review <u>de novo</u>.[3]

### B. Discussion

#### 1. "Sexual Abuse of a Minor"

An alien convicted of illegal reentry into the United States after deportation is subject to a much longer sentence if, before his deportation, he had committed a crime a violence.[4] The application note to Section 2L1.2 defines a "crime of violence" as

> any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, <u>sexual abuse of a minor</u> . . . or any offense under federal, state, or local law that has as an element the

---

[3] <u>See United States v. Vasquez-Balandran</u>, 76 F.3d 648, 649 (5th Cir. 1996); <u>see also United States v. Villegas</u>, —— F.3d ——, 2005 WL 627963, at * 2 (5th Cir. Mar. 17, 2005) (concluding that "when a district court has imposed a sentence under the Guidelines, this court continues, after <u>Booker</u>, to review the district court's interpretation and application of the Guidelines <u>de novo</u>."). <u>See United States v. Booker</u>, —— U.S. ——, 125 S. Ct. 738 (2005).

[4] <u>See</u> U. S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(A)(ii) (2003).
The district court applied the 2003 version of the Guidelines.

4

use, attempted use, or threatened use of physical force against the person of another.[5]

Thus, to determine whether the district court properly enhanced Izaguirre's sentence, we must resolve whether Congress intended the phrase "sexual abuse of a minor" to include conduct punishable under North Carolina General Statute § 14-202.1(a)(1).[6] The question whether an offense falls within Section 2L1.2's definition of "crime of violence" is a question of federal law.[7] As the federal law here includes the possibility that a previous violation may be one of state law, we look to state law to determine "its nature and whether its violation is a crime of violence under federal law."[8]

The parties disagree about the analysis that we are supposed to employ to decide whether "taking indecent liberties with

---

[5] See id., cmt. n. 1(B)(iii) (emphasis added).

[6] See United States v. Zavala-Sustaita, 214 F.3d 601, 603 (5th Cir. 2000).
Because Izaguirre was convicted under Section 14-202.1(a)(1), we need not — and do not — consider whether a violation of Section 14-202.1(a)(2) constitutes "sexual abuse of a minor." See N.C. GEN STAT. § 14-202.1(a)(2) (noting that a person is guilty of taking indecent liberties with children if he "willfully commits or attempts to commit any lewd or lascivious act upon or with the body or any part or member of the body of any child of either sex under the age of 16 years").

[7] United States v. Pierce, 278 F.3d 282, 286 (4th Cir. 2002).

[8] See id.

5

children" constitutes "sexual abuse of a minor."[9]  Izaguirre urges us to apply the categorical approach of Taylor v. United States,[10] which requires us to analyze the elements of the state criminal statute and then to match them to the elements of the offense of "sexual abuse of a minor."  Specifically, Izaguirre argues that we must base our determination on the language of the statute itself and not the defendant's underlying conduct, viz., each element of the statute of conviction must necessarily be encompassed within the elements of the enumerated offense in Section 2L1.2, cmt. (1)(B)(iii) to warrant the 16-level enhancement.[11]

---

[9] We note, at the outset, that the Supreme Court's recent opinion in Booker does not control our analysis because here we address the application of the Guidelines only as they treat recidivism, expressly excluded under the Supreme Court's Apprendi line of cases, including Booker.  See Booker, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." (emphasis added)).

[10] 495 U.S. 575 (1990).

[11] See, e.g., United States v. Calderon-Pena, 383 F.3d 254, 257 (5th Cir. 2004) (en banc) ("Prior decisions of this court have accordingly held that the statute of conviction, not the defendant's underlying conduct, is the proper focus."); United States v. Vargas-Duran, 356 F.3d 598, 606 (5th Cir. 2004) (en banc) ("Looking only at the fact of Vargas-Duran's conviction and the statutory definition of intoxication assault, it is clear that the intentional use of force against the person of another is not a necessary component of the offense."); United States v. Rodriguez-Rodriquez, 388 F.3d 466, 468-69 (5th Cir. 2004) (same).

The district court employed a "common sense" approach to determine whether a violation of Section 14-202.1(a)(1) constitutes "sexual abuse of a minor."[12]  The district court held that

> basic language and common sense indicates to you then indecent liberties with a child is sexual abuse of a minor . . .
> And then reading this statute, it would be clear to this Court that this is sexual abuse of a minor.  And that it would be the common sense to read as to what the actions would be to violate this statute.

The government argues that the district court's "common sense" approach is correct and should prevail.

Izaguirre's reliance on Calderon-Pena, Vargas-Duran, and Rodriquez-Rodriquez is misplaced.  In those cases, we considered whether the underlying statute of conviction "has as an element the use, attempted use, or threatened use of physical force against another."[13]  Here, we do not decide whether a violation of the North Carolina child indecency statute has force as an element.  Thus, we

_____

[12] See, e.g., United States v. Zavala-Sustaita, 214 F.3d 601, 604 (5th Cir. 2000) ("The best 'ordinary, contemporary, common' reading of the phrase 'sexual abuse of a minor' is that it encompasses a violation of Texas Penal Code § 21.11(a)(2) [sexual indecency with a child by exposure].").

[13] The previous Guidelines, under which we decided these three cases, defined "crime of violence" in two parts.  The first section defined "crime of violence" as a violation of state, federal or local law that "has as an element" the use of force.  See U.S. SENTENCING GUIDELINES, § 2L1.2, cmt. n.1(B)(I) (2002).  The second definition included the enumerated offenses.  See id. at cmt. n.1(B)(II).  The 2003 Guidelines, under which the district court sentenced Izaguirre, combined the two definitions into one comment, although it kept the same wording.  See id., cmt. n.1(B)(iii) (2003).  Thus, although the two sections are now one, there is no substantive change to the definition of "crime of violence" in the Guidelines.

need not find that the elements of a violation under Section 14-202.1(a)(1) coincide with those of "sexual abuse of a minor" because "sexual abuse of a minor" is a specifically enumerated offense.[14]  Our analysis is not — as the underlying statutes at issue were in cases such as <u>Calderon-Pena</u> — contingent on whether

_____

[14] <u>See United States v. Sarmiento-Funes</u>, 374 F.3d 336, 338 (5th Cir. 2004) ("An offense can be a 'crime of violence' either because it has as an element the use of force under paragraph (I) or because it fits within the enumerated list in paragraph (II)."); <u>Rodriquez-Rodriquez</u>, 388 F.3d at 467 ("Because burglary of a building and [unauthorized use of a motor vehicle] are not among the offenses specifically enumerated in Application Note 1(B)(ii)(II), they are crimes of violence only if the statutory definitions have as an element 'the use, attempted use, or threatened use of physical force against the person of another.").

Although Izaguirre is correct that we have never condoned an individualized analysis of the defendant's conduct which lead to the underlying conviction, we have condoned an examination of the underlying charging papers in addition to the analysis we perform on the language of the statute. <u>See, e.g., Calderon-Pena</u>, 383 F.3d at 258 n.5 ("Many sentencing provisions lack the 'as an element' language at issue here, and we have permitted broader uses of charging papers in such cases."); <u>United States v. Rodriquez-Duberney</u>, 326 F.3d 613, 617 (5th Cir. 2003) ("From <u>Taylor</u> and <u>Allen</u>, we therefore conclude that in the case of a statute such as the one at issue here, where the underlying conduct may include conduct that would make the defendant eligible for an enhancement, the district court does not err when it looks to the underlying indictment for guidance."); <u>cf. Shepard v. United States</u>, — U.S. —, 125 S. Ct. 1254, 1257 (2005) (holding that under the Armed Criminal Career Act a district court "determining the character of an admitted burglary is generally limited to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented."). In any event, the state indictment here is of no use to us because it merely tracks the language of Section 14-202.1(a)(1).

a particular element is encompassed within the underlying statute.[15] Thus, a common sense approach to the question satisfies us here. In other words, we must determine whether a violation of Section 14-202.1 constitutes "sexual abuse of a minor" as that term is understood in its "ordinary, contemporary, [and] common" meaning.[16]

The parties do not dispute that a violation of Section 14-202(a)(1) involves a minor. The dispute here turns on the term "sexual abuse." As "sexual abuse" is not defined by the Sentencing Guidelines, we look first to its plain, ordinary meaning.[17] Black's Law Dictionary defines "sexual abuse" as "[a]n illegal sex act, esp[ecially] one performed against a minor by an adult."[18] Webster's Third New International Dictionary defines "sexual" as "of, relating to, or associated with sex as a characteristic of an

---

[15] See, e.g., United States v. Rayo-Valdez, 302 F.3d 314, 316 (5th Cir. 2002) ("Sexual abuse of a minor — forcible or not — constitutes a crime of violence. So do all the other offenses listed in subparagraph II, regardless of their elements under various state laws.) (emphasis added) (citations omitted).

[16] Zavala-Sustaita, 214 F.3d at 604; see also United States v. Dominguez-Ochoa, 386 F.3d 639, 642-43 (5th Cir. 2004) ("Taylor instructs that where, as here, the enhancement provision does not specifically define the enumerated offense, we must define it according to its generic, contemporary meaning, and should rely on a uniform definition, regardless of the labels employed by the various States criminal codes.") (citations and quotations omitted).

[17] Vargas-Duran, 356 F.3d at 602.

[18] BLACK'S LAW DICTIONARY 10 (8th ed. 2004). Black's does not define "sex act."

9

organic being."[19]   It is therefore clear that a Section 14-202.1(a)(1) violation is sexual because it must have sexual arousal or gratification as its purpose.[20]

Less clear is whether every violation of Section 14-202.1(a)(1) constitutes "abuse."  Webster's defines "abuse" as to "take unfair or undue advantage of" or "to use or treat so as to injure, hurt, or damage."[21]   In Zavala-Sustaita, we held that a violation of Texas Penal Code § 21.11(a)(2) ⸺ the Texas indecency by exposure statute ⸺ constituted "sexual abuse of a minor" even though the defendant, by exposing himself, did not physically touch the minor.[22]   There, we reasoned that, even though the defendant never caused physical harm, "[t]he act [was] 'abusive' because of the psychological harm inflicted irrespective of the presence of physical injury."[23]   Thus, we reasoned that "abuse" involved either physical or psychological harm to the minor.[24]

We hold that the conduct criminalized by Section 14-202.1(a)(1) constitutes "sexual abuse of a minor," as we generally understand that term.  Gratifying or arousing one's sexual desires

---

[19] WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2082 (1986).

[20] See N.C. GEN. STAT. § 14-202.1(a)(1) (". . . for the purpose of arousing or gratifying sexual desire.").

[21] WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 8 (1986)

[22] 214 F.3d at 605.

[23] Id.

[24] See id.

10

in the actual or constructive presence of a child is sexual abuse of a minor.[25]  Taking indecent liberties with a child to gratify one's sexual desire constitutes "sexual abuse of a minor" because it involves taking undue or unfair advantage of the minor and causing such minor psychological — if not physical — harm.[26]

Izaguirre concedes that a physical act is not required for conduct to be violative of the North Carolina statute. He contends, however, that Section 14-202.1(a)(1) encompasses a broader range of conduct than that prohibited by the Sentencing Guidelines.  In sum, Izaguirre argues that, in addition to criminalizing conduct that constitutes "sexual abuse of a minor," Section 14-202.1(a)(1) also encompasses conduct that does not. Izaguirre cites to several North Carolina decisions to support this argument.[27]  Attempting to distinguish our prior holding in Zavala-Sustaita, Izaguirre argues that there is no requirement under Section 14-202.1(a)(1) "that the sexual content of the act, or, indeed, the act itself be made known

---

[25] See, e.g., United States v. Baron-Medina, 187 F.3d 1144, 1147 (9th Cir. 1999) ("The use of young children for the gratification of sexual desires constitutes an abuse.").

[26] We note that the Eleventh Circuit's definition of "sexual abuse of a minor" is equally applicable here: "[T]he phrase 'sexual abuse of a minor' means a perpetrator's physical or nonphysical misuse or maltreatment of a minor for a purpose associated with sexual gratification." United States v. Padilla-Reyes, 247 F.3d 1158, 1163 (11th Cir. 2001).

[27] See State v. McClees, 424 S.E.2d 687, 689-91 (N.C. 1993) (holding that defendant who videotaped minor in dressing room violated Section 14-202.1 even though minor did not know of videotaping).

11

to the minor victim."  Thus, he urges that because there exists conduct that violates Section 14-202.1(a)(1) but causes no physical or psychological harm to the minor, Section 14-202.1(a)(1) sweeps too broadly and the conduct prohibited by the North Carolina statute cannot constitute "sexual abuse of a minor" as a matter of law.  To support this asertion, Izaguirre proffers the example a shoe- or foot-fetishist who steals "a teenage girl's shoe while she s[its] barefoot on the grass.  This act would be an 'improper' 'liberty,' committed in the presence of the minor, which act provided sexual gratifications to the perpetrator —— but it would not be what most people understand as 'sexual abuse of a minor.'"

Izaguirre also points out that the North Carolina courts that have interpreted Section 14-202.1(a)(1) have done so broadly, specifically noting that the indecent liberties statute was enacted "to encompass more types of deviant behavior, giving children broader protection than available under other statutes proscribing sexual acts."[28]  Indeed, as Izaguirre observes, the North Carolina courts have interpreted Section 14-202.1(a)(1) so broadly as to include almost <u>any</u> indecent or improper act that provides sexual gratification to the actor.[29]

---

[28] <u>State v. Etheridge</u>, 352 S.E.2d 673, 682 (N.C. 1987); <u>State v. Every</u>, 578 S.E.2d 642, 648 (N.C. Ct. App. 2003) (citing <u>Etheridge</u>).

[29] <u>See State v. Hartness</u>, 391 S.E.2d 177, 180 (N.C. 1990) ("The evil the legislature sought to prevent in this context was the defendant's performance of <u>any</u> immoral, improper, or indecent act in the presence of a child 'for the purpose of arousing or

12

In similar cases, when we have been called on to determine whether a violation of a state statute constitutes a specifically enumerated offense under Application Note (1)(B)(iii), we have held that when the enumerated offense under the Guidelines encompasses a narrower range of conduct than that prohibited by the state statute, we cannot hold as a matter of law that the sentencing enhancement is proper.[30] In other words, when the statute of conviction encompasses prohibited behavior that is not within the plain, ordinary meaning of the enumerated offense, we cannot uphold a sentence on that ground alone.[31]

Nevertheless, Izaguirre's foot-fetishist example, although superficially persuasive, misses the mark and reads too much into Section 14-202.1(a)(1). Izaguirre's example fails because he reads

---

gratifying sexual desire.'"); Every, 578 S.E.2d at 648 ("Not only do these decisions demonstrate that a variety of acts may be considered indecent and may be performed to provide sexual gratification to the actor, they also demonstrate the scope of the statute's protection: to encompass more types of deviant behavior and provide children with broader protection than that available under statutes proscribing other sexual acts.") (citations and quotations omitted).

[30] See United States v. Sarmiento-Funes, 374 F.3d 336, 345 (5th Cir. 2004) (holding that enumerated offense "forcible sex offense" encompassed narrower conduct than that prohibited by state statute and thus court could not affirm sentence on that basis); see also United States v. Palomares-Candela, 104 Fed. Appx. 957, 960-61, 2004 WL 1570359, at *3 (5th Cir. Jul 14, 2004) (unpublished disposition) (following Sarmiento-Flores to hold that Colorado second-degree sexual assault conviction not "forcible sex offense" because state violation encompassed broader conduct than "forcible sex offense.").

[31] Sarmiento-Flores, 374 F.3d at 345.

13

too broadly the statutory language "for the purpose of arousing or gratifying sexual desire." The North Carolina courts that have treated Section 14-202.1(a)(1) have noted that its purpose is to protect children from "overt sexual acts," not merely some vague, ethereal sentiment on the part of the perpetrator.[32] Indeed, as the North Carolina Supreme Court has said, "[d]efendant's purpose for committing such act is the gravamen of this offense."[33] If we were to adopt Izaguirre's argument, we would be hard-pressed to find an act that did not violate Section 14-202.1(a)(1); but we will not interpret a statute in a fashion that will produce absurd results.[34] For this reason, we reject Izaguirre's argument and hold that a violation of Section 14-202.1(a)(1) constitutes "sexual abuse of a minor" for purposes of the sentencing enhancement in Sentencing Guidelines § 2L1.2.[35]

---

[32] See State v. Every, 578 S.E.2d 642, 648 (N.C. Ct. App. 2003) ("The breadth of the conduct that has been held violative of the statute indicates a recognition by our courts of 'the significantly greater risk of psychological damage to an impressionable child from overt sexual acts . . . )(quoting State v. Hicks, 339 S.E.2d 806, 809 (N.C. Ct. App. 1986)) (emphasis added).

[33] Hartness, 391 S.E.2d at 567.

[34] See United States v. Female Juvenile, 103 F.3d 14, 16-17 (5th Cir. 1996)("Axiomatic in statutory interpretation is the principle that laws should be construed to avoid an absurd or unreasonable result.").

[35] Our conclusion is buttressed by the Eleventh Circuit's finding in Bahar v. Ashcroft that a violation of Section 14-202.1 constitutes "sexual abuse of a minor" for purposes of 8 U.S.C. § 1101(a)(43)(A). 264 F.3d 1309 (11th Cir. 2001); see also United States v. Gonzalez-Michel, 112 Fed. Appx. 261, 262, 2004 WL

14

## 2.   Unconstitutionality of 8 U.S.C. §§ 1326(b)(1) & (2)

Izaguirre also insists that 8 U.S.C. §§ 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey.[36]  Izaguirre concedes that this argument is foreclosed by Almendarez-Torres v. United States.[37]  Apprendi did not overrule Almendarez-Torres,[38] and we are required to follow it "unless and until the Supreme Court itself determines to overrule it."[39]  Thus, this argument has no merit.

## III. CONCLUSION

We affirm the district court's enhancement of Izaguirre's sentence and hold that a violation of North Carolina General Statute § 14-202.1(a)(1) constitutes "sexual abuse of a minor" for purposes of the "crime of violence" enhancement in Sentencing Guidelines § 2L1.2.  We further reject Izaguirre's Apprendi argument as foreclosed by the Supreme Court's opinion in Almendarez-Torres.

---

2321971, at *1 (4th Cir. Oct. 14 2004) (noting that "Gonzalez-Michel does not dispute that the offense [a violation of Section 14-202.1] constitutes sexual abuse of a minor.").

[36] 530 U.S. 466 (2000).

[37] 523 U.S. 224 (1998).

[38] See Apprendi, 530 U.S. at 489-90; United States v. Garcia-Mejia, — F.3d. —, 2004 WL 2937670, at *2 (5th Cir. Dec. 20, 2004); United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

[39] Dabeit, 231 F.3d at 984 (internal quotation marks and citation omitted).

15

AFFIRMED.