**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Miguel MAGALLON–MOLINA, Defendant–Appellant.**

No. 04–20598.

Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Aug. 17, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Michael L. Herman, Molly E. Odom, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Having pleaded guilty to an indictment charging him with being illegally present in the United States after deportation following a conviction for an aggravated felony, Miguel Magallon–Molina ("Magallon") argues on appeal that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Magallon contends that *Apprendi* dictates that his conviction must be vacat-

ed and that he must be resentenced for the lesser included offense of simple illegal reentry found in § 1326(a). Magallon concedes that his argument is foreclosed by this court's precedent, but he raises the issue to preserve it for Supreme Court review.

We reject Magallon's challenge to the constitutionality of 8 U.S.C. § 1326. *See Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *Apprendi*, 530 U.S. at 489–90, 120 S.Ct. 2348. This court must follow the precedent set in *Almendarez–Torres* unless and until the decision is overruled by the Supreme Court. *United States v. Izaguirre–Flores*, 405 F.3d 270, 277–78 (5th Cir.2005), *petition for cert. filed* (July 22, 2005) (No. 05–5469). Accordingly, finding no error, we affirm.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.