UNITED STATES of America,
Plaintiff–Appellee,

v.

Sergio CAVAZOS–MEDRANO, also known as Juan Rodriguez–Sanchez, Defendant–Appellant.

No. 04–41067.
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 17, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Sergio Cavazos–Medrano appeals his sentence following his guilty-plea conviction of illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b). The district court sentenced him to 46 months of imprisonment, two years of supervised release, and a $100 special assessment.

For the first time on appeal, Cavazos–Medrano argues that, under *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), this court must vacate his sentence and remand for resentencing because the mandatory guideline regime was in place at the time of his sentencing. An unpreserved challenge to the application of the formerly mandatory sentencing guidelines is reviewed for plain error. *United States v. Valenzuela–Quevedo*, 407 F.3d 728, 733 (5th Cir.2005), *petition for cert. filed* (July 25, 2005) (No. 05–5556).

The district court's application of the guidelines in their mandatory form constituted error that is "plain" for purposes of satisfying the first two prongs of the plain error analysis. *Id.* However, Cavazos–Medrano bears the burden of demonstrating "that the sentencing judge—sentencing under an advisory scheme rather than a mandatory one—would have reached a significantly different result." *See United States v. Mares*, 402 F.3d 511, 521 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517). Cavazos–Medrano has not made such a showing.

Cavazos–Medrano also argues that 8 U.S.C. § 1326(b) is unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120

S.Ct. 2348, 147 L.Ed.2d 435 (2000), because it does not require the fact of a prior felony or aggravated-felony conviction to be charged in the indictment and proved beyond a reasonable doubt. As Cavazos–Medrano concedes, this argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and *Almendarez–Torres* was not overruled by *Apprendi. See United States v. Izaguirre–Flores,* 405 F.3d 270, 277 (5th Cir.2005), *petition for cert. filed* (July 22, 2005) (No. 05–5469). Accordingly, the judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

