**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Sergio ALCANTAR–SALDANA, also known as Carlos Morales–Saldana, Defendant–Appellant.**

No. 04–51446.

Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Aug. 17, 2005.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

M. Carolyn Fuentes, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Sergio Alcantar–Saldana, also known as Carlos Morales–Saldana, pleaded guilty to reentry after deportation in violation of 8 U.S.C. §§ 1326(a) and (b) and was sentenced to 27 months of imprisonment and three years of supervised release. He appeals his conviction and sentence.

For the first time on appeal, Alcantar–Saldana contends that he was illegally sentenced pursuant to the formerly-mandatory sentencing guidelines regime, in violation of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Sentencing a defendant pursuant to a mandatory guidelines scheme, standing alone, constitutes *"Fanfan"* error, and such an error is "plain." *See Booker,* 125 S.Ct. at 769; *United States v. Valenzuela–Quevedo,* 407 F.3d 728, 733 (5th Cir.2005), *petition for cert. filed* (July 25, 2005) (No. 05–5556). Alcantar–Saldana argues that he has made this showing based on the district court's comments at sentencing. Alcantar–Saldana mischaracterizes the sentencing judge's comments and takes them out of context. The judge's comments were clearly directed to the harshness of the immigration laws, which make it illegal to return to the United States

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

without obtaining permission after having been deported. The judge's comments did not refer to the sentencing guidelines at all. There is nothing in the judge's comments which indicate that the judge would have sentenced Alcantar–Saldana below the guideline range if he had that discretion. "[T]here is no indication in the record from the sentencing judge's remarks or otherwise" that the court would have imposed a different sentence under an advisory guidelines regime. *United States v. Mares,* 402 F.3d 511, 522 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517). Because Alcantar–Saldana has not shown that the error affected his "substantial rights," *see id.* at 521, he has not demonstrated plain error.

Alcantar–Saldana also argues that, under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny, 8 U.S.C. § 1326(b) is unconstitutional because it permits a sentencing judge to increase a sentence beyond the statutory maximum based on a factor that need not be submitted to a jury for proof or admitted by the defendant. Alcantar–Saldana concedes that this argument is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he seeks to preserve the issue for possible Supreme Court review. This court must follow *Almendarez–Torres* " 'unless and until the Supreme Court itself determines to overrule it.' " *United States v. Izaguirre–Flores,* 405 F.3d 270, 277–78 (5th Cir.2005) (citation omitted), *petition for cert. filed* (July 22, 2005) (No. 05–5469).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.