**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Marvin Antonio MATA–DELEON, Defendant–Appellant.**

No. 04–40824.

Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Aug. 17, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Reynaldo Santos Cantu, Jr., Marjorie A. Meyers, Assistant Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Marvin Antonio Mata–DeLeon ("Mata") appeals his 41–month prison sentence imposed following his guilty plea to illegally re-entering the United States after having been deported and after having been convicted of an "aggravated felony," in violation of 8 U.S.C. § 1326(a) and (b).

Mata asserts that, under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny, 8 U.S.C. § 1326(b) is unconstitutional because it permits a sentencing judge to increase a sentence beyond the statutory maximum based on a factor that need not be submitted to a jury for proof or admitted by the defendant. Mata concedes that this argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he seeks to preserve the issue for possible Supreme Court review. This court must follow *Almendarez–Torres* " 'unless and until the Supreme Court itself determines to overrule it.' " *United States v. Izaguirre–Flores*, 405 F.3d 270, 277–78 (5th Cir.2005) (citation omitted), *petition for cert. filed* (July 22, 2005) (No. 05–5469).

For the first time on appeal, Mata argues that he was illegally sentenced pursuant to the mandatory Sentencing Guidelines regime declared unconstitutional in *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Our review is for plain error. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517). The district court's application of the guidelines in their mandatory form constituted error that is "plain" for purposes of satisfying the first two prongs of the plain-error analysis.

*United States v. Valenzuela–Quevedo*, 407 F.3d 728, 733 (5th Cir.2005), *petition for cert. filed* (July 25, 2005) (No. 05–5556). Mata also bears the burden of showing that his "substantial rights" were violated, such "that the sentencing judge—sentencing under an advisory scheme rather than a mandatory one—would have reached a significantly different result." *See Mares*, 402 F.3d at 521. Mata has not made such a showing. *See United States v. Bringier*, 405 F.3d 310, 317–18 n. 4 (5th Cir.2005), *petition for cert. filed* (July 26, 2005) (No. 05–5535).

The judgment of the district court is AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.