**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rudy Armando MORALES–NAVARRO,**
**also known as Benito Deras Aguirre,**
**Defendant–Appellant.**

**No. 04–40924**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Aug. 17, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Norman E. McInnis, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM: *

Rudy Armando Morales–Navarro appeals his sentence imposed following his guilty plea to illegally re-entering the United States after having been deported, in violation of 8 U.S.C. § 1326. The district court sentenced Morales–Navarro to 46 months of imprisonment and two years of supervised release.

Morales–Navarro asserts that, under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny, 8 U.S.C. § 1326(b) is unconstitutional because it permits a sentencing

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

**50**

judge to increase a sentence beyond the statutory maximum based on a factor that need not be submitted to a jury for proof or admitted by the defendant. Morales–Navarro concedes that this argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he seeks to preserve the issue for possible Supreme Court review. This court must follow *Almendarez–Torres* " 'unless and until the Supreme Court itself determines to overrule it.' " *United States v. Izaguirre–Flores*, 405 F.3d 270, 277–78 (5th Cir.2005) (citation omitted), *petition for cert. filed* (July 22, 2005) (No. 05–5469).

 For the first time on appeal, Morales–Navarro argues that his sentence was unconstitutional because it was enhanced pursuant to the mandatory Sentencing Guidelines regime rejected in *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Morales–Navarro has not established plain error with regard to his *Booker* claim because he has not established that his sentence affected his substantial rights. *See United States v. Mares*, 402 F.3d 511, 520–22 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517); *United States v. Valenzuela–Quevedo*, 407 F.3d 728, 732 (5th Cir.2005), *petition for cert. filed* (July 25, 2005) (No. 05–5556). Morales–Navarro also argues that the error was a "structural" one that is not susceptible to plain-error analysis or, alternatively, that plain-error prejudice should be presumed. We have rejected such arguments. *United States v. Martinez–Lugo*, 411 F.3d 597, 601 (5th Cir.2005).

Accordingly, the district court's judgment is AFFIRMED.