United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20598
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL MAGALLON-MOLINA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-53-1
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Having pleaded guilty to an indictment charging him with being illegally present in the United States after deportation following a conviction for an aggravated felony, Miguel Magallon-Molina ("Magallon") argues on appeal that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Magallon contends that Apprendi dictates that his

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conviction must be vacated and that he must be resentenced for the lesser included offense of simple illegal reentry found in § 1326(a). Magallon concedes that his argument is foreclosed by this court's precedent, but he raises the issue to preserve it for Supreme Court review.

We reject Magallon's challenge to the constitutionality of 8 U.S.C. § 1326. See Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998); Apprendi, 530 U.S. at 489-90. This court must follow the precedent set in Almendarez-Torres unless and until the decision is overruled by the Supreme Court. United States v. Izaguirre-Flores, 405 F.3d 270, 277-78 (5th Cir. 2005), petition for cert. filed (July 22, 2005) (No. 05-5469). Accordingly, finding no error, we affirm.

AFFIRMED.