**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**August 17, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40824
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARVIN ANTONIO MATA-DELEON,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-16-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Marvin Antonio Mata-DeLeon ("Mata") appeals his 41-month

prison sentence imposed following his guilty plea to illegally

re-entering the United States after having been deported and

after having been convicted of an "aggravated felony," in

violation of 8 U.S.C. § 1326(a) and (b).

Mata asserts that, under Apprendi v. New Jersey, 530 U.S.

466 (2000), and its progeny, 8 U.S.C. § 1326(b) is

unconstitutional because it permits a sentencing judge to

increase a sentence beyond the statutory maximum based on a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

factor that need not be submitted to a jury for proof or admitted by the defendant. Mata concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but he seeks to preserve the issue for possible Supreme Court review. This court must follow Almendarez-Torres "'unless and until the Supreme Court itself determines to overrule it.'" United States v. Izaguirre-Flores, 405 F.3d 270, 277-78 (5th Cir. 2005) (citation omitted), petition for cert. filed (July 22, 2005) (No. 05-5469).

For the first time on appeal, Mata argues that he was illegally sentenced pursuant to the mandatory Sentencing Guidelines regime declared unconstitutional in United States v. Booker, 125 S. Ct. 738 (2005). Our review is for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). The district court's application of the guidelines in their mandatory form constituted error that is "plain" for purposes of satisfying the first two prongs of the plain-error analysis. United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556). Mata also bears the burden of showing that his "substantial rights" were violated, such "that the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result." See Mares, 402 F.3d at 521. Mata has not made such a showing. See United States v. Bringier, 405 F.3d 310, 317-18 n.4 (5th Cir. 2005), petition for cert. filed (July 26, 2005) (No. 05-5535).

The judgment of the district court is AFFIRMED.