United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40924
Conference Calendar

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

RUDY ARMANDO MORALES-NAVARRO,
also known as Benito Deras Aguirre,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-128-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

        Rudy Armando Morales-Navarro appeals his sentence imposed

following his guilty plea to illegally re-entering the United

States after having been deported, in violation of 8 U.S.C.

§ 1326.  The district court sentenced Morales-Navarro to 46

months of imprisonment and two years of supervised release.

        Morales-Navarro asserts that, under Apprendi v. New Jersey,

530 U.S. 466 (2000), and its progeny, 8 U.S.C. § 1326(b) is

unconstitutional because it permits a sentencing judge to

increase a sentence beyond the statutory maximum based on a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

factor that need not be submitted to a jury for proof or admitted by the defendant. Morales-Navarro concedes that this argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), but he seeks to preserve the issue for possible Supreme Court review. This court must follow <u>Almendarez-Torres</u> "'unless and until the Supreme Court itself determines to overrule it.'" <u>United States v. Izaquirre-Flores</u>, 405 F.3d 270, 277-78 (5th Cir. 2005) (citation omitted), <u>petition for cert. filed</u> (July 22, 2005) (No. 05-5469).

For the first time on appeal, Morales-Navarro argues that his sentence was unconstitutional because it was enhanced pursuant to the mandatory Sentencing Guidelines regime rejected in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). Morales-Navarro has not established plain error with regard to his <u>Booker</u> claim because he has not established that his sentence affected his substantial rights. <u>See</u> <u>United States v. Mares</u>, 402 F.3d 511, 520-22 (5th Cir. 2005), <u>petition for cert. filed</u> (Mar. 31, 2005) (No. 04-9517); <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 732 (5th Cir. 2005), <u>petition for cert. filed</u> (July 25, 2005) (No. 05-5556). Morales-Navarro also argues that the error was a "structural" one that is not susceptible to plain-error analysis or, alternatively, that plain-error prejudice should be presumed. We have rejected such arguments. <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 601 (5th Cir. 2005).

Accordingly, the district court's judgment is AFFIRMED.