IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

No. 04-41071
Conference Calendar

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

JOSE ANDRES ROMERO-DERAS,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-174-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

    Jose Andres Romero-Deras ("Romero") appeals his conviction

and sentence for illegal reentry after deportation.

    Romero argues that the "felony" and "aggravated felony"

provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional

in light of the Supreme Court's decision in Apprendi v. New

Jersey, 530 U.S. 466 (2000).  Romero's argument concerning the

constitutionality of 8 U.S.C. § 1326(b) is, as he concedes,

foreclosed.  See Almendarez-Torres v. United States, 523 U.S. 224

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(1998); <u>United States v. Izaguirre-Flores</u>, 405 F.3d 270, 277-78 (5th Cir. 2005), <u>petition for cert. filed</u> (July 22, 2005) (No. 05-5469).

Romero also contends that his sentence is improper under <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S. Ct. 2531 (2004), and <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). He concedes that the plain-error standard of review applies. Romero has not shown that the district court would have imposed a different sentence under an advisory sentencing scheme. Thus, Romero has not shown plain error in connection with his sentence. <u>See</u> <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 600-01 (5th Cir. 2005).

The judgment of the district court is AFFIRMED.