**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 3, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41193
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE CORTEZ-VILLANUEVA, also known as Jose Luis
Hernandez-Cortez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-336-ALL
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Jose Cortez-Villanueva ("Cortez") appeals his sentence following his guilty-plea conviction for illegal reentry after deportation. We pretermit discussion of the validity of his appeal waiver because, for the reasons discussed below, Cortez is not entitled to relief.

Cortez argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

in light of the Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000). Cortez's argument concerning the constitutionality of 8 U.S.C. § 1326(b) is, as he concedes, foreclosed. <u>See</u> <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998); <u>United States v. Izaguirre-Flores</u>, 405 F.3d 270, 277-78 (5th Cir. 2005), <u>petition for cert. filed</u> (July 22, 2005) (No. 05-5469).

Cortez also argues for the first time in a supplemental brief that the district court erred by sentencing him under the mandatory Guideline regime held unconstitutional in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). We review this argument for plain error. <u>See</u> <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 600 (5th Cir. 2005). Our review of the record does not reveal that the district court's error affected the outcome of the sentencing proceedings. <u>See</u> <u>id.</u> at 600-01. Therefore, Cortez has failed to establish that the error affected his substantial rights and he consequently cannot meet the plain error standard of review. <u>Id.</u>

AFFIRMED.