United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 7, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40053
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ARMANDO CASTRO-AGUILAR,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-702-ALL
--------------------

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Armando Castro-Aguilar ("Castro") appeals his guilty-plea conviction of having been found in the United States after deportation, without having obtained the consent of the Attorney General or the Secretary of Homeland Security to re-enter the country, and after having been convicted of an "aggravated felony," in violation of 8 U.S.C. § 1326(a) and (b). The district court sentenced Castro to 46 months of imprisonment followed by two years of supervised release and imposed the mandatory assessment. The Government expressly declines to seek

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

enforcement of the waiver provision in Castro's plea agreement; therefore, this court will not enforce it. See United States v. Rhodes, 253 F.3d 800, 804 (5th Cir. 2001).

For the first time on appeal, Castro argues that the district court erred by imposing sentence pursuant to the formerly mandatory sentencing guidelines regime, in violation of United States v. Booker, 125 S. Ct. 738 (2005). Castro's arguments that this error is either structural or presumptively prejudicial are foreclosed. See United States v. Martinez-Lugo, 411 F.3d 597, 601 (5th Cir. 2005).

Sentencing a defendant pursuant to a mandatory guidelines regime, standing alone, constitutes "Fanfan" error, and such an error is "plain." See id. at 601. Castro contends that this error affected his substantial rights because the district court sentenced him at the bottom of the guideline range and had no discretion under the mandatory scheme to impose a lower sentence. However, the court's imposition of a sentence at the bottom of the guideline range is, standing alone, no indication that the sentencing judge would have reached a different conclusion under an advisory scheme. See United States v. Bringier, 405 F.3d 310, 317-18 n.4 (5th Cir. 2005). There is no indication in the record, either in the sentencing judge's statements or otherwise, that the district court would have imposed a different sentence under an advisory guidelines scheme. Castro has not shown that

the error affected his substantial rights and, thus, he has not demonstrated plain error.  See Martinez-Lugo, 411 F.3d at 601.

Castro also argues that, under Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, 8 U.S.C. § 1326(b) is unconstitutional because it permits a sentencing judge to increase a sentence beyond the statutory maximum based on a factor that need not be submitted to a jury for proof or admitted by the defendant.  Castro concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but he seeks to preserve the issue for possible Supreme Court review.  This court must follow Almendarez-Torres "'unless and until the Supreme Court itself determines to overrule it.'"  United States v. Izaguirre-Flores, 405 F.3d 270, 277-78 (5th Cir. 2005) (citation omitted).

AFFIRMED.