United States Court of Appeals
Fifth Circuit

**F I L E D**

November 17, 2005

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 04-41546
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAXIMINO NINO-RODRIGUEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
(5:04-CR-959-ALL)

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:*

Maximino Nino-Rodriguez appeals the sentence imposed following his guilty-plea conviction of illegally re-entering the United States after having been deported, in violation of 8 U.S.C. § 1326. The district court sentenced Nino to 41 months in prison and three years of supervised release.

Nino claims his sentence is illegal under *United States v. Booker*, 125 S. Ct. 738 (2005), because it was imposed pursuant to a mandatory application of the Sentencing Guidelines. In district

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court, Nino objected to his sentence under **Blakely v. Washington**, 124 S. Ct. 2531 (2004).  He now raises the type of error raised by a second respondent in **Booker**, Ducan Fanfan (**Fanfan** error), by claiming that imposition of a sentence pursuant to a mandatory Guidelines regime violated his rights.  *See* **Booker**, 125 S. Ct. at 750, 768-69.  The Government concedes that Nino at least "arguably" preserved his **Fanfan**-error claim for appeal and that the issue is reviewed for harmless error.  The Government explicitly waives any argument that the **Fanfan** error at Nino's sentencing was harmless and does not oppose a remand for resentencing in accordance with **Booker**.

For the first time on appeal, Nino contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional.  As Nino concedes, this argument is foreclosed by **Almendarez-Torres v. United States**, 523 U.S. 224 (1998), which this court must follow "unless and until the Supreme Court itself determines to overrule it".  **United States v. Izaguirre-Flores**, 405 F.3d 270, 277-78 (5th Cir.) (internal quotation marks and citation omitted), *cert. denied*, ___ S. Ct. ___, 2005 WL 1786638 (U.S. 3 Oct. 2005).

**AFFIRMED IN PART; VACATED AND REMANDED IN PART FOR RESENTENCING.**