United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41520
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ROBERTO SALAZAR-PALACIOS

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-992-ALL
---------------------

Before KING, BARKSDALE and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Roberto Salazar-Palacios ("Salazar") appeals the sentence imposed following his guilty-plea conviction of attempting to reenter the United States after having been deported, in violation of 8 U.S.C. § 1326. The district court sentenced Salazar to 46 months in prison, based on a prior drug-trafficking conviction.

Salazar contends that his sentence is illegal under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), because it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was imposed pursuant to a mandatory application of the federal sentencing guidelines. Salazar thus alleges a "Fanfan" error. See United States v. Walters, 418 F.3d 461, 463 (5th Cir. 2005). In the district court, Salazar objected to his sentence under Blakely v. Washington, 542 U.S. 296 (2004), and the Government concedes that the preserved Fanfan error is subject to review for harmless error.

The Government has not carried its burden of showing beyond a reasonable doubt that the district court's error did not affect Salazar's sentence. See Walters, 418 F.3d 461, 464; United States v. Pineiro, 410 F.3d 282, 286 (5th Cir. 2005). We therefore VACATE the sentence and REMAND for resentencing in accordance with Booker. See Walters, 418 F.3d at 464; Pineiro, 410 F.3d at 286.

Salazar also contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional. As he concedes, this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), which this court must follow "unless and until the Supreme Court itself determines to overrule it." United States v. Izaguirre-Flores, 405 F.3d 270, 277-78 (5th Cir.) (quotation marks omitted), cert. denied, 126 S. Ct. 253 (2005). Accordingly, the judgment of conviction is AFFIRMED.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.