United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 8, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41030
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN MANUEL JACINTO-LARA,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-602-1
---------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Juan Manuel Jacinto-Lara (Jacinto) appeals his conviction and the sentence he received after he pleaded guilty to illegal reentry following deportation. Jacinto argues that his sentence is illegal under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), because it was imposed pursuant to a mandatory application of the federal Sentencing Guidelines.

The erroneous application of the Guidelines as mandatory is technically a "Fanfan error." United States v. Martinez-Lugo,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

411 F.3d 597, 600 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005); see Booker, 125 S. Ct. at 750, 768-69. The Government concedes that Jacinto preserved his Fanfan claim for appeal. The Government fails to meet its burden of proving that the district court's sentence under Guidelines it deemed mandatory was harmless beyond a reasonable doubt because the Government fails to cite to any record evidence showing that the district court would have imposed the same sentence under an advisory guidelines scheme. See United States v. Walters, 418 F.3d 461, 464 (5th Cir. 2005); United States v. Garza, 429 F.3d 165, 171 (5th Cir. 2005) (Booker error). We therefore vacate the sentence and remand the case for resentencing in accordance with Booker.

Jacinto argues that the district court misapplied U.S.S.G. § 2L1.2(b)(1)(A)(ii) when it enhanced his sentence because his South Carolina state conviction for second-degree burglary does not qualify as a "crime of violence." Given that the entire sentence is vacated, this court need not reach Jacinto's argument. See United States v. Akpan, 407 F.3d 360, 377 n.62 (5th Cir. 2005). Rather, we leave to the district court's discretion which enhancements it will apply upon resentencing. See id.

Jacinto also argues that the enhancement provisions set forth in 8 U.S.C. § 1326(b) are unconstitutional. As he concedes, this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), which this court must follow

"unless and until the Supreme Court itself determines to overrule it."  United States v. Izaquirre-Flores, 405 F.3d 270, 277-78 (5th Cir.) (quotation marks omitted), cert. denied, 126 S. Ct. 253 (2005).  The judgment of conviction is affirmed.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.