United States Court of Appeals
Fifth Circuit

**F I L E D**

March 17, 2006

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

No. 04-41089
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS PIMENTEL-HILLAN, also known as Luis Pimental-Hillan, also
known as Luis Pimental-Valencia,

Defendant-Appellant.

**Appeal from the United States District Court
for the Southern District of Texas
(5:04-CR-166-1)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Luis Pimentel-Hillan appeals his guilty-plea conviction and sentence for illegal reentry, in violation of 8 U.S.C. § 1326. Pimentel asserts his sentence is illegal under *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), because it was imposed pursuant to a mandatory application of the federal Sentencing Guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The erroneous application of the Guidelines as mandatory is technically a *Fanfan* error. *United States v. Martinez-Lugo*, 411 F.3d 597, 600 (5th Cir.), *cert. denied*, 126 S. Ct. 464 (2005); *see* *Booker*, 125 S. Ct. at 750, 768-69. Such error is *not* structural. *Martinez-Lugo*, 411 F.3d at 601.

The Government concedes Pimentel preserved his *Fanfan* claim for appeal. The Government fails to meet its burden of proving the sentence was harmless beyond a reasonable doubt because it fails to cite to any record evidence showing the district court would have imposed the same sentence under an advisory guidelines scheme. *See* *United States v. Garza*, 429 F.3d 165, 171 (5th Cir. 2005), *petition for cert. filed*,(No. 05-8843) (23 Jan. 2006); *United States v. Walters*, 418 F.3d 461, 464 (5th Cir. 2005). We therefore vacate Pimentel's sentence and remand the case for resentencing in accordance with *Booker*.

Pimentel also maintains the enhancement provisions in § 1326(b) are unconstitutional. As he concedes, this contention is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which this court must follow "unless and until the Supreme Court itself determines to overrule it". *United States v. Izaguirre-Flores*, 405 F.3d 270, 277-78 (5th Cir.) (quotation marks omitted), *cert. denied*, 126 S. Ct. 253 (2005). He raises the issue to preserve it for further review.

*CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING*

2