United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41067
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO CAVAZOS-MEDRANO, also known as
Juan Rodriguez-Sanchez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-132-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Sergio Cavazos-Medrano appeals his sentence following his guilty-plea conviction of illegal reentry, in violation of 8 U.S.C. § 1326(a) and (b). The district court sentenced him to 46 months of imprisonment, two years of supervised release, and a $100 special assessment.

For the first time on appeal, Cavazos-Medrano argues that, under United States v. Booker, 125 S. Ct. 738 (2005), this court must vacate his sentence and remand for resentencing because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mandatory guideline regime was in place at the time of his sentencing. An unpreserved challenge to the application of the formerly mandatory sentencing guidelines is reviewed for plain error. United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556).

The district court's application of the guidelines in their mandatory form constituted error that is "plain" for purposes of satisfying the first two prongs of the plain error analysis. Id. However, Cavazos-Medrano bears the burden of demonstrating "that the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result." See United States v. Mares, 402 F.3d 511, 521 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Cavazos-Medrano has not made such a showing.

Cavazos-Medrano also argues that 8 U.S.C. § 1326(b) is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000), because it does not require the fact of a prior felony or aggravated-felony conviction to be charged in the indictment and proved beyond a reasonable doubt. As Cavazos-Medrano concedes, this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), and Almendarez-Torres was not overruled by Apprendi. See United States v. Izaguirre-Flores, 405 F.3d 270, 277 (5th Cir. 2005), petition for cert. filed (July

22, 2005) (No. 05-5469).  Accordingly, the judgment of the district court is AFFIRMED.