United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41155
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICIO MESA-FRANCO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-217-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Mauricio Mesa-Franco appeals his sentence following his
guilty-plea conviction of illegal reentry, in violation of
8 U.S.C. § 1326(a) and (b).  The district court sentenced him to
24 months of imprisonment, two years of supervised release, and a
$100 special assessment.

For the first time on appeal, Mesa-Franco argues that, under
United States v. Booker, 125 S. Ct. 738 (2005), this court must
vacate his sentence and remand for resentencing because the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

mandatory guideline regime was in place at the time of his sentencing. An unpreserved challenge to the application of the formerly mandatory sentencing guidelines is reviewed for plain error. United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556).

The district court's application of the guidelines in their mandatory form constituted error that is "plain" for purposes of satisfying the first two prongs of the plain error analysis. Id. However, Mesa-Franco bears the burden of demonstrating "that the sentencing judge--sentencing under an advisory scheme rather than a mandatory one--would have reached a significantly different result." See United States v. Mares, 402 F.3d 511, 521 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Mesa-Franco has not made such a showing.

Mesa-Franco also argues that 8 U.S.C. § 1326(b) is unconstitutional under Apprendi v. New Jersey, 530 U.S. 466 (2000), because it does not require the fact of a prior felony or aggravated-felony conviction to be charged in the indictment and proved beyond a reasonable doubt. As Mesa-Franco concedes, this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), and Almendarez-Torres was not overruled by Apprendi. See United States v. Izaguirre-Flores, 405 F.3d 270, 277 (5th Cir. 2005), petition for cert. filed (July 22, 2005)

(No. 05-5469).  Accordingly, the judgment of the district court is AFFIRMED.