United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-51446
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SERGIO ALCANTAR-SALDANA, also known as Carlos
Morales-Saldana,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:04-CR-1524-ALL-PRM
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

        Sergio Alcantar-Saldana, also known as Carlos Morales-

Saldana, pleaded guilty to reentry after deportation in violation

of 8 U.S.C. §§ 1326(a) and (b) and was sentenced to 27 months of

imprisonment and three years of supervised release.  He appeals

his conviction and sentence.

        For the first time on appeal, Alcantar-Saldana contends that

he was illegally sentenced pursuant to the formerly-mandatory

sentencing guidelines regime, in violation of United States v.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Booker, 125 S. Ct. 738 (2005). Sentencing a defendant pursuant to a mandatory guidelines scheme, standing alone, constitutes "Fanfan" error, and such an error is "plain." See Booker, 125 S. Ct. at 769; United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556). Alcantar-Saldana argues that he has made this showing based on the district court's comments at sentencing. Alcantar-Saldana mischaracterizes the sentencing judge's comments and takes them out of context. The judge's comments were clearly directed to the harshness of the immigration laws, which make it illegal to return to the United States without obtaining permission after having been deported. The judge's comments did not refer to the sentencing guidelines at all. There is nothing in the judge's comments which indicate that the judge would have sentenced Alcantar-Saldana below the guideline range if he had that discretion. "[T]here is no indication in the record from the sentencing judge's remarks or otherwise" that the court would have imposed a different sentence under an advisory guidelines regime. United States v. Mares, 402 F.3d 511, 522 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Because Alcantar-Saldana has not shown that the error affected his "substantial rights," see id. at 521, he has not demonstrated plain error.

Alcantar-Saldana also argues that, under Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny, 8 U.S.C. § 1326(b)

is unconstitutional because it permits a sentencing judge to increase a sentence beyond the statutory maximum based on a factor that need not be submitted to a jury for proof or admitted by the defendant.  Alcantar-Saldana concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but he seeks to preserve the issue for possible Supreme Court review.  This court must follow Almendarez-Torres "'unless and until the Supreme Court itself determines to overrule it.'"  United States v. Izaguirre-Flores, 405 F.3d 270, 277-78 (5th Cir. 2005) (citation omitted), petition for cert. filed (July 22, 2005) (No. 05-5469).

AFFIRMED.