United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 11, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41437
Summary Calendar

UNITED STATES OF AMERICA

               Plaintiff - Appellee

   v.

MARTHA GEORGETTE MARISCAL-LUGO

               Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-337-ALL
--------------------

Before KING, Chief Judge, and BARKSDALE and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

    Martha Georgette Mariscal-Lugo pleaded guilty to being an
alien unlawfully found in the United States after deportation in
violation of 8 U.S.C. §§ 1326(a) and (b) and was sentenced to 37
months of imprisonment and three years of supervised release.
She appeals her conviction and sentence.

    For the first time on appeal, Mariscal-Lugo contends that
she was illegally sentenced pursuant to the formerly mandatory
sentencing guidelines regime, in violation of <u>United States v.</u>

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Booker, 125 S. Ct. 738 (2005). Mariscal-Lugo's plea agreement contained a waiver-of-appeal provision by which she waived "the right to appeal the sentence imposed or the manner in which it was determined," except for a sentence above the statutory maximum or an upward departure from the applicable guidelines range. Mariscal-Lugo contends that this waiver provision is not enforceable because, at her rearraignment, the magistrate judge incorrectly told her that she retained the right to appeal an "illegal sentence." We agree. Because the magistrate judge inaccurately described the waiver provision, Mariscal-Lugo's waiver cannot be deemed knowing and voluntary with respect to an "illegal sentence." See FED. R. CRIM. P. 11(b)(1)(N); United States v. Robinson, 187 F.3d 516, 517-18 (5th Cir. 1999).

Sentencing a defendant pursuant to a mandatory guidelines scheme, standing alone, constitutes "Fanfan" error, and such an error is "plain." See Booker, 125 S. Ct. at 769; United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005). Mariscal-Lugo makes no argument, and "there is no indication in the record from the sentencing judge's remarks or otherwise" that the court would have imposed a different sentence under an advisory guidelines regime. United States v. Mares, 402 F.3d 511, 522 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005)(No. 04-9517). Because Mariscal-Lugo has not shown that the error affected her "substantial rights," see id. at 521, she has not demonstrated plain error.

Mariscal-Lugo also argues that, under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), and its progeny, 8 U.S.C. § 1326(b) is unconstitutional because it permits a sentencing judge to increase a sentence beyond the statutory maximum based on a factor that need not be submitted to a jury for proof or admitted by the defendant.  Mariscal-Lugo concedes that this argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), but she seeks to preserve the issue for possible Supreme Court review.  This court must follow <u>Almendarez-Torres</u> "'unless and until the Supreme Court itself determines to overrule it.'"  <u>United States v. Izaguirre-Flores</u>, 405 F.3d 270, 277-78 (5th Cir. 2005) (citation omitted).

AFFIRMED.