United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 13, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41391
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CARLOS GRIJALBA-CELIS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-701-ALL
--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Carlos Grijalba-Celis (Grijalba) appeals his conviction and the sentence he received after he pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326. Grijalba argues that the "felony" and "aggravated felony" provisions in 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in the light of Apprendi v. New Jersey, 530 U.S. 466 (2000). As Grijalba concedes, this argument is foreclosed. See Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998); United States v.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

<u>Izaguirre-Flores</u>, 405 F.3d 270, 277-78 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 253 (2005).

Grijalba also argues, for the first time on appeal, that the district court erred by imposing a sentence pursuant to the mandatory Sentencing Guidelines system held unconstitutional in <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). Because the district court erred in sentencing Grijalba pursuant to a mandatory Guidelines scheme, he meets the first two requirements for relief under plain error review. <u>See</u> <u>United States v. Olano</u>, 507 U.S. 725, 731-37 (1993); <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 733 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 267 (2005). The Government concedes that Grijalba can satisfy the third prong of plain error by showing that the district court felt constrained by the Sentencing Guidelines and most likely would have imposed a lower sentence under an advisory Guidelines scheme. We find nothing in the record that disturbs the Government's representation.

Accordingly, Grijalba's conviction under 8 U.S.C. § 1326 is AFFIRMED; his sentence, however, is VACATED, and the case is REMANDED for further proceedings.

AFFIRMED IN PART; VACATED IN PART; REMANDED.