United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-41576
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MANUEL HERNANDEZ-CARRANZA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-920-1
--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Manuel Hernandez-Carranza ("Hernandez") appeals the 52-month sentence imposed following his guilty-plea conviction of illegally reentering the United States after deportation, in violation of 8 U.S.C. § 1326. Hernandez argues that his sentence is illegal under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), because it was imposed pursuant to a mandatory application of the federal sentencing guidelines.

The erroneous application of the guidelines as mandatory is technically a "Fanfan error." United States v. Martinez-Lugo,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

411 F.3d 597, 600 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005); See Booker, 125 S. Ct. at 750, 768-69. The Government concedes that Hernandez preserved his Fanfan claim for appeal and that the issue is reviewed for harmless error. See United States v. Walters, 418 F.3d 461, 464 (5th Cir. 2005). The Government contends that harmless error is shown by the imposition of a "reasonable" sentence in the middle of the guidelines range. However, the Government does not carry its arduous burden of showing that the district court would not have sentenced Hernandez differently under an advisory guidelines system. See United States v. Pineiro, 410 F.3d 282, 284-85 (5th Cir. 2005); United States v. Garza, 429 F.3d 165, 170-71 (5th Cir. 2005) (Booker error). We therefore we VACATE the sentence and REMAND for resentencing in accordance with Booker.

For the first time on appeal, Hernandez contends that 8 U.S.C. § 1326 is unconstitutional. As he concedes, this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), which this court must follow "unless and until the Supreme Court itself determines to overrule it." United States v. Izaguirre-Flores, 405 F.3d 270, 277-78 (5th Cir.) (quotation marks omitted), cert. denied, 126 S. Ct. 253 (2005). The judgment of conviction is AFFIRMED.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.