United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-40095
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

AARON SALGADO-RANGEL, also known as
Aaron Rangel-Salgado,

                                        Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1532-ALL
---------------------

Before KING, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM:*

     Aaron Salgado-Rangel (Salgado) appeals the 30-month sentence
imposed following his guilty-plea conviction of attempting to
enter the United States without permission after having been
deported, in violation of 8 U.S.C. § 1326.  Salgado argues that
his sentence is illegal under United States v. Booker, 543 U.S.
220, 125 S. Ct. 738 (2005), because it was imposed pursuant to a
mandatory application of the federal Sentencing Guidelines.

     The erroneous application of the Guidelines as mandatory is
technically a "Fanfan error."  United States v. Martinez-Lugo,

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

411 F.3d 597, 600 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005); see Booker, 125 S. Ct. at 750, 768-69.  The Government concedes that Salgado preserved his Fanfan claim for appeal and that the issue is reviewed for harmless error.  See United States v. Walters, 418 F.3d 461, 464 (5th Cir. 2005).  The Government contends that harmless error is shown by the imposition of a "reasonable" sentence at the low end of the guidelines range.  However, the Government does not carry its arduous burden of showing that the district court would not have sentenced Salgado differently under an advisory guidelines system.  See United States v. Pineiro, 410 F.3d 282, 284-85 (5th Cir. 2005); United States v. Garza, 429 F.3d 165, 170-71 (5th Cir. 2005) (Booker error).  We therefore we vacate the sentence and remand for resentencing in accordance with Booker.

Salgado also argues § 1326 is unconstitutional.  As he concedes, this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), which this court must follow "unless and until the Supreme Court itself determines to overrule it."  United States v. Izaquirre-Flores, 405 F.3d 270, 277-78 (5th Cir.) (quotation marks omitted), cert. denied, 126 S. Ct. 253 (2005).  The judgment of conviction is affirmed.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.