United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41687
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS ANDRES MEDINA-ZAVALA, also known as Wilson Paecido,
also known as Ever Quinones,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1172-ALL
--------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Luis Medina-Zavala (Medina) appeals his conviction and the 57-month sentence he received after he pleaded guilty to illegal reentry. Medina argues that his sentence is illegal under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), because it was imposed pursuant to a mandatory application of the federal Sentencing Guidelines.

The erroneous application of the Guidelines as mandatory is technically a "Fanfan error." United States v. Martinez-Lugo,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

411 F.3d 597, 600 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 464 (2005); <u>see</u> <u>Booker</u>, 125 S. Ct. at 750, 768-69. The Government concedes that Medina preserved his Fanfan claim for appeal and that the issue is reviewed for harmless error. <u>See</u> <u>United States v. Walters</u>, 418 F.3d 461, 464 (5th Cir. 2005). The Government also concedes that, given the district court's acknowledgment that Medina raised good points challenging his criminal history computation and the court's statement that it "got no satisfaction" in sentencing Medina, the district court's error in sentencing Medina under mandatory Guidelines was not harmless. Because the Government fails to meet its burden of showing that the district court's error was harmless beyond a reasonable doubt, we vacate the sentence and remand the case for resentencing in accordance with <u>Booker</u>.

Medina also argues 8 U.S.C. § 1326 is unconstitutional. As he concedes, this argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998), which this court must follow "unless and until the Supreme Court itself determines to overrule it." <u>United States v. Izaguirre-Flores</u>, 405 F.3d 270, 277-78 (5th Cir.) (quotation marks omitted), <u>cert. denied</u>, 126 S. Ct. 253 (2005). The judgment of conviction is affirmed.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.