United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 1, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50318
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSICA GARCIA-AGUIRRE,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
(2:04-CR-639-ALL)
---------------------

Before KING, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Jessica Garcia-Aguirre (Garcia) appeals her guilty-plea conviction and sentence for being unlawfully present in the United States following deportation. Garcia asserts that the district court erred in enhancing her sentence under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on a Texas prior conviction for aggravated robbery. As Garcia did not raise this issue in the district court, review is limited to plain error. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Under § 2L1.2(b)(1)(A)(ii), a defendant's base offense level is increased by 16 levels if he was previously deported after being convicted of a crime of violence. Robbery is an offense expressly listed as a crime of violence in the application notes to § 2L1.2. § 2L1.2, comment. (n.1(B)(iii)). A prior conviction will qualify as a crime of violence if it is specifically identified in the commentary definition, regardless whether it has the use of force as an element. United States v. Izaquirre-Flores, 405 F.3d 270, 273-75 (5th Cir.), cert. denied, 126 S. Ct. 253 (2005). We use a "common sense approach" to determine whether a defendant's offense qualifies as an offense identified in § 2L1.2, comment. (n.1(B)(iii)). Id.

Garcia has not shown that the district court's increase in her offense level pursuant to § 2L1.2 based on her prior Texas conviction for aggravated robbery was a "clear or obvious" error. See Izaquirre-Flores, 405 F.3d at 273-75; see also United States v. Calderon-Pena, 383 F.3d 254, 261 n.11 (5th Cir. 2004) (en banc).

Garcia also contends that 8 U.S.C. § 1326(b) is unconstitutional. She acknowledges that this argument is foreclosed by Almendarez-Torres, 523 U.S. 224, 235 (1998), but raises it to preserve it for further review. We have "repeatedly rejected arguments like the one made by [Garcia] and . . . held that Almendarez-Torres remains binding despite Apprendi[ v. New Jersey, 530 U.S. 466 (2000).]" United States v. Garza-Lopez, 410

2

F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005). Garcia's guilty-plea conviction and the sentence imposed are AFFIRMED.