United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-41525
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS ARMANDO ZUNIGA-ALCALA, true name Armando
Zuniga-Alcala, also known as Jesus Armando Zuniga, also
known as Jesus Ramon Garcia, also known as Armando Garcia,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-942-ALL
--------------------

Before JONES, Chief Judge, and SMITH and GARZA, Circuit Judges.

PER CURIAM:[*]

Jesus Armando Zuniga-Alcala (Zuniga) appeals his conviction and the 30-month sentence he received after he pleaded guilty to illegal reentry in violation of 8 U.S.C. § 1326. Zuniga argues that his sentence is illegal under United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), because it was imposed pursuant to a mandatory application of the Federal Sentencing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Guidelines.

The erroneous application of the Guidelines as mandatory is technically a "Fanfan error." United States v. Martinez-Lugo, 411 F.3d 597, 600 (5th Cir.), cert. denied, 126 S. Ct. 464 (2005); see Booker, 125 S. Ct. at 750, 768-69. The Government concedes that Zuniga preserved his Fanfan claim for appeal. The Government falls short of meeting its burden of proving that the district court's sentence under Guidelines it deemed mandatory was harmless beyond a reasonable doubt because the Government fails to cite to any record evidence showing that the district court would have imposed the same sentence under an advisory guidelines scheme. See United States v. Walters, 418 F.3d 461, 464 (5th Cir. 2005); United States v. Garza, 429 F.3d 165, 171 (5th Cir. 2005) (Booker error). We therefore vacate the sentence and remand the case for resentencing in accordance with Booker.

Zuniga also argues that the enhancement provisions set forth in 8 U.S.C. § 1326(b) are unconstitutional. As he concedes, this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), which this court must follow "unless and until the Supreme Court itself determines to overrule it." United States v. Izaguirre-Flores, 405 F.3d 270, 277-78 (5th Cir.) (quotation marks omitted), cert. denied, 126 S. Ct. 253 (2005). The judgment of conviction is affirmed.

CONVICTION AFFIRMED; SENTENCE VACATED; CASE REMANDED.