United States Court of Appeals
Fifth Circuit

**F I L E D**

April 4, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-40739
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR ORLANDO ESTRADA-BORJAS, also known as Jose Luis
Marquez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:04-CR-850-ALL
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Hector Orlando Estrada-Borjas appeals his conviction for

unlawful presence in the United States after deportation

following an aggravated felony conviction and his sentence. He

raises three issues in this appeal.

First, he argues that robbery as defined in California Penal

Code § 211 (§ 211 robbery) is not a crime of violence as defined

in U.S.S.G. § 2L1.2(b)(1) because it is broader than "the generic

contemporary meaning" of robbery, since it can be committed by

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

inducing the fear that property will be damaged.  He also asserts that § 211 robbery is not a crime of violence under § 2L1.2(b)(1) because it does not have as an element the use, attempted use, or threatened use of physical force against a person.

This court need not resolve whether § 211 robbery is a crime of violence because the amended information establishes that Estrada-Borjas' conviction for first-degree robbery under California Penal Code §§ 211, 212.5, and 12022(a)(1) qualifies as an enumerated offense because its elements required proof that (1) Estrada-Borjas robbed "an inhabited dwelling house . . . or the inhabited portion of any other building," § 212.5; and (2) he or an accomplice was armed with a firearm during the first-degree robbery.  § 12022(a)(1).  Estrada-Borjas' conviction for first-degree robbery under §§ 211, 212.5, and 12022(a)(1) qualifies as the enumerated offense of robbery "as that term is understood in its ordinary, contemporary, [and] common meaning."  United States v. Izaguirre-Flores, 405 F.3d 270, 275 (5th Cir.), cert. denied, 126 S. Ct. 253 (2005) (brackets in original; internal quotation marks and citation omitted); accord Taylor v. United States, 495 U.S. 575, 599 (1990).  Moreover, Estrada-Borjas' first-degree robbery conviction under §§ 211, 212.5, and 12022(a)(1) had as an element, at least, the threatened use of physical force against the person of another.  See § 2L1.2, comment. (n.1(B)(iii)); United States v. Calderon-Pena, 383 F.3d 254, 257 (5th Cir.

2004). Thus, Estrada-Borjas' prior first-degree robbery conviction was a "crime of violence."

Second, Estrada-Borjas argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). Estrada-Borjas' constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although Estrada-Borjas contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S. Ct. 298 (2005). Estrada-Borjas properly concedes that his argument is foreclosed in light of Almendarez-Torres and circuit precedent, but he raises it here to preserve it for further review.

Finally, Estrada-Borjas argues for the first time on appeal that the district court abused its discretion when it imposed a condition of supervised release that requires him to cooperate in the collection of his DNA. This claim is not ripe for review. See United States v. Riascos-Cuenu, 428 F.3d 1100, 1100-01 (5th Cir. 2005), petition for cert. filed (Jan. 9, 2006) (No. 05-8662). Therefore, this court lacks jurisdiction to review this claim, and this portion of the appeal is dismissed.

CONVICTION AND JUDGMENT AFFIRMED; APPEAL DISMISSED IN PART.