United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-51284
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

VICTOR MANUEL GONZALEZ-RUIZ, also known as Manuel Gonzalez,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:05-CR-381-ALL
--------------------

Before KING, WIENER, and OWEN, Circuit Judges.

PER CURIAM:*

      Victor Manuel Gonzalez-Ruiz (Gonzalez) appeals his guilty-

plea conviction and sentence for being unlawfully present in the

United States after deportation without consent of the Attorney

General or the Secretary of Homeland Security.  He argues that

the district court erred in enhancing his sentence based on his

Texas prior conviction for kidnaping under U.S.S.G. § 2L1.2.

Because he did not raise this issue in the district court, his

claim is reviewed for plain error.  See United States v.

Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

---

      * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gonzalez has not shown that the district court's increase in his offense level based on his prior Texas kidnaping conviction pursuant to § 2L1.2 was a "clear or obvious" error. See United States v. Izaguirre-Flores, 405 F.3d 270, 273-75 (5th Cir.), cert. denied, 126 S. Ct. 253 (2005); Calverley, 37 F.3d at 162-64.

Gonzalez argues that his sentence at the bottom of the applicable advisory sentencing guideline range is unreasonable under 18 U.S.C. § 3553(a) because it is excessive in relation to the seriousness of his offense. Gonzalez's disagreement with the Sentencing Commission's assessment of the seriousness of his offense does not establish that his sentence was unreasonable.

Gonzalez argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that the 46-month term of imprisonment imposed in his case exceeds the statutory maximum sentence allowed for the 8 U.S.C. § 1326(a) offense charged in his indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Gonzalez's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme Court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly

rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Gonzalez properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.